**WO**

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ARIZONA

Felix Dean,

Plaintiff,

vs.

State of Arizona, et al.,

Defendants.

No. CIV 05-1808-PHX-MHM

**ORDER**

Currently before the Court is Defendants State of Arizona, Marcella Kay, Patrick Harrington and David Berns' ("Defendants") Motion for Summary Judgment. (Dkt.#25). After reviewing Defendants' unopposed Motion and the record, the Court issues the following Order.

## I. Procedural History

On June 15, 2005, Plaintiff Felix Dean ("Plaintiff") filed the instant Complaint. Plaintiff asserts multiple claims including race discrimination and retaliation under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq., ("Title VII") and the Arizona Civil Rights Act, A.R.S. § 41-1401 et seq., ("ACRA") as well as disability discrimination under the Americans with Disabilities Act, 42 U.S.C. § 12101, et seq.,) and ACRA. After granting two extensions of time for Plaintiff to effectuate service of process, the Defendants filed their Answer on January 20, 2006. (Dkt.#7). On March 23, 2006, the Court conducted

a Rule 16 Scheduling Conference to institute the relevant dates by which the case would be governed. Notably, the Court set the discovery deadline for October 23, 2006, and the dispositive motion deadline for November 20, 2006. (Dkt.#12). On November 17, 2006, the Defendants filed the instant Motion for summary judgment challenging Plaintiff's claims on multiple grounds. However, to date, Plaintiff has not responded to the Motion.

## II. Factual Background

On January 11, 1999, Plaintiff, an African American male, was hired by the Arizona Department of Economic Security ("DES") as a Rehabilitation Services Specialist. (Defendants Statement of Facts, "DSOF" ¶ 1). On October 7, 2002, Plaintiff applied for and received educational assistance funds from DES to take two internet courses offered by Walden University to obtain credit towards a masters' degree. (DSOF ¶ 2). Plaintiff agreed to reimburse DES if he did not meet certain grade requirements in the courses, *i.e.*, a "B" or better. (DSOF ¶¶ 2,18). DES issued a check to Plaintiff in the amount of $1,048.00 which Plaintiff cashed on January 16, 2003. (DSOF ¶ 3). Plaintiff received an "F" in one of the courses and did not take the other. (DSOF ¶ 4). However, Plaintiff did not reimburse any portion of the DES payment to him. (DSOF ¶8).

On August 21, 2003, Plaintiff applied for additional educational assistance from DES to attend classes at Northcentral University. Plaintiff received a check in the amount of $1,265.43, which he cashed on September 8, 2003. (DSOF ¶6). Despite the payment, Plaintiff never enrolled in or paid for any courses at Northcentral University. (DSOF ¶7). Moreover, Plaintiff did not refund any portion of the amount given to him by DES. (DSOF ¶8).

On May 21, 2004, Plaintiff was issued a Notice of Charges of Misconduct for dishonesty based upon obtaining and attempting to obtain education funds through false pretenses and failing to repay the educational benefit. (DSOF ¶ 12). On May 26, 2004, Plaintiff filed an employee grievance alleging the notice of charges to be discriminatory. (DSOF ¶ 13). On June 11, 2004, Plaintiff's employment was terminated. (DSOF ¶ 14).

## III. Standard

A motion for summary judgment may be granted only if the evidence shows "that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." FED. R. CIV. P. 56©). To defeat the motion, the non-moving party must show that there are genuine factual issues "that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250 (1986). Summary judgment is appropriate against a party who "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex Corp., 477 U.S. at 322.

Although a court may not grant a motion for summary judgment simply because the non-moving party does not file opposing material, a court may grant summary judgment when the unopposed moving papers are sufficient on their face and show no issues of material fact exist. Henry v. Gill Industries, Inc., 983 F.2d 943, 950 (9th Cir. 1993). Moreover, a court is under no duty to advise a pro se non-prisoner plaintiff to respond to such a motion or what is required to meet his evidentiary burden. See Jacobsen v. Filler, 790 F.2d 1362, 1366-67 (9th Cir. 1986) (stating "district court did not have to inform [pro se non-prisoner plaintiff] of the need to file affidavits or other responsive matter before granting summary judgment against him").

**IV. Analysis**

**A. Res Judicata**

Defendants assert that Plaintiff's claims are all barred by the doctrine of res judicata or claim preclusion based upon a prior Superior Court dismissal of Plaintiff's claims. State law governs the application of res judicata to a state court judgment. Ayers v. City of Richmond, 895 F.2d 1267, 1270 (9th Cir. 1990). In Arizona, res judicata will preclude a claim "when a former judgment on the merits was rendered by a court of competent jurisdiction and the matter now in issue between the same parties was, or might have been, determined in the former action." Hall v. Lalli, 194 Ariz. 54, 57, 977 P.2d 776, 779 (Ariz. 1999) (citation omitted). A valid final judgment is conclusive as to every issue decided and

every issue raised by record that could have been decided. See Heinig v. Hudman, 177 Ariz. 66, 71, 865 P.2d 110, 115 (Ariz.App. 1994). In the instant case, it is clear that Plaintiff's claims are barred by the doctrine of res judicata. A review of Plaintiff's prior state court litigation in Maricopa County Superior Court exemplifies this conclusion.

On October 13, 2004, prior to the instant lawsuit being filed, Plaintiff filed a complaint in Maricopa County Superior Court asserting the same allegations and claims against the State of Arizona, the Arizona Department of Economic Security and various John Does. (DSOF ¶15).[1] In fact, a comparison of the Superior Court complaint with the instant complaint, filed on June 15, 2005, reveals that the two complaints are a virtual mirror image of each other. Additionally, on February 10, 2006, during the pendency of the instant action, the Superior Court issued an order dismissing Plaintiff's lawsuit for failure to prosecute due to Plaintiff's failure to make disclosures pursuant to Rule 26.1 of the Arizona Rules of Civil Procedure, failure to respond to requests for admissions, failure to appear for the Rule 16 pretrial conference and failure to appear for the final pretrial management conference. (DSOF ¶17). These circumstances demonstrate that Plaintiff's claims against the Defendants in the instant Court have already been addressed to finality in prior state court proceedings. Importantly, as expressly stated in Rule 41(b), a dismissal for failure to prosecute operates as an adjudication upon the merits. See Phillips v. Arizona Bd. of Regents, 123 Ariz. 596, 598, 601 P.2d 596, 598 (Ariz. 1979) (finding dismissal pursuant to Rule 41(b) operates as final judgment for res judicata purposes). In addition, there can be no doubt that the judgment is final as Plaintiff has not appealed the Superior Court's ruling. See Better Homes Constr., Inc. v. Goldwater, 203 Ariz. 295, 298, 53 P.3d 1139 (Ariz.App. 2002) ("[i]n order for res judicata or collateral estoppel to apply, there must be a *final* decision.) (citations omitted) (emphasis original).

---

[1]It appears that in both the state and federal proceedings, Plaintiff expressly named as defendants, the State of Arizona and the Arizona Department of Economic Security and served such parties in addition to serving the individual Defendants not named in either suit.

**V. Summary**

Plaintiff's action is barred by principles of res judicata. The previous state court litigation raised identical claims to those presented here and was litigated to final judgment upon the merits. Because Plaintiff's action is clearly barred, thus the Court will not visit the other grounds for dismissal raised by Defendants.

**Accordingly,**

**IT IS HEREBY ORDERED** granting Defendants' Motion for Summary Judgment. (Dkt.25).

**IT IS FURTHER ORDERED** directing the Clerk of the Court to enter judgment accordingly.

DATED this 5th day of July, 2007.

Mary H. Murguia
United States District Judge